Rebecca Kay SMITH, Plaintiff–Appellant,

v.

David L. BALL, individually and in his official capacity as Deputy Sheriff, Missoula County Sheriff's Department; et al., Defendants–Appellees.

No. 07–35080.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2008.

Filed May 14, 2008.

Denis K. Lane, Thomas J. Woodbury, Forest Defense, P.C., Missoula, MT, for Plaintiff–Appellant.

Timothy J. Cavan, USBI–Office of the U.S. Attorney, Billings, MT, Charles E. McNeil, Garlington Lohn & Robinson, PLLP, Missoula, MT, for Defendants–Appellees.

Before: TASHIMA, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Rebecca Kay Smith appeals the district court's dismissal of her excessive force, due process, and free speech claims on qualified immunity grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Smith contends that defendants used excessive force in effecting her arrest by removing her food, water, and supplies, thus putting her at risk of severe dehydration. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion ... against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal citation and quotation marks omitted). Smith does not provide any legal authority for the proposition that her dehydration was an exercise of force by the defendants; her decision to remain in the tree was the proximate and supervening cause of her injuries. Nor does *Headwaters Forest Defense v. County of Humboldt*, 276 F.3d 1125 (9th Cir.2002), compel a holding in Smith's favor. *Headwaters* stands for the proposition that the use of direct force, in that case, pepper spray, is unreasonable when officers can easily remove protesters without causing pain or injury. *See id.* at 1130. Defendants' actions were consistent with our holding in *Headwaters*. Therefore, the district correctly held that defendants did not use excessive force.

■ Smith next contends that defendants violated her substantive due process rights by exposing her to harm caused by dehydration that she otherwise would not have faced had defendants not removed her supplies. The cases on which she relies, however, are simply inapplicable because she can only challenge, at most, the *initial* officer conduct, not the eventual harm that resulted from her own refusal to descend from the tree. In other words, she is not challenging defendants' failure to protect her from a dangerous situation of their own creation, *see DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197, 109 S.Ct. 998, 103

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 249 (1989), but rather their choice of tactic to end her protest. That inquiry falls under the Fourth Amendment, discussed above. Smith also argues that the defendants became obligated to care for her because they deprived her of the ability to care for herself. *See id.* at 199, 109 S.Ct. 998. However, as her refusal to come down from the tree demonstrates, defendants did not have custody over her and therefore this obligation did not arise.

Finally, Smith argues that defendants attempted to chill her political speech by arresting her, thereby violating the First Amendment. We pause to note that consideration of Smith's First Amendment claim is likely barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because prevailing on her claim would imply the invalidity of her criminal convictions arising from the same events. Even reaching the merits of her First Amendment argument, however, Smith failed to establish a constitutional violation. "When expressive conduct occurs on public grounds, like a national forest, the government can impose reasonable time, place, and manner restrictions." *United States v. Griefen,* 200 F.3d 1256, 1259–60 (9th Cir.2000) (internal citation and quotation marks omitted). Smith essentially concedes the validity of the time, place, and manner restrictions imposed by the National Forest Service. Therefore, her arrest did not violate the First Amendment.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**